## Commonwealth v. Lauria et al.

*A. V. Cortese*, for Commonwealth.
*A. S. Salus*, for defendants.

SMITH, P. J., March 23, 1948.—The Commonwealth of Pennsylvania by the District Attorney of Philadelphia County has filed a bill in equity to abate and enjoin a common or public nuisance under the Act of June 16, 1836, P. L. 784, sec. 13, 17 PS §282, and

under the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744, with respect to premises situate 1738 Market Street, Philadelphia, wherein it is claimed that Ralph Lauria and David Kulla operate, manage and conduct a restaurant, saloon and taproom in violation of the common law of the Commonwealth of Pennsylvania and the acts of assembly aforesaid.

## Findings of fact

1. On February 2, 1946, Ralph Lauria upon filing his application and the filing of a bond as required by the law, had issued to him by the Pennsylvania Liquor Control Board, a restaurant liquor license No. R. 2324 for premises situate 1738 Market Street, in the City of Philadelphia.

2. While the said Ralph Lauria was the owner and in possession of the said premises, there was issued a citation proceedings against him by the said Liquor Control Board.

3. On or before December 4, 1947, the said Ralph Lauria entered into an agreement of sale with the said David Kulla to sell the said premises and the transfer of the said liquor license subject to the approval of the said Liquor Control Board.

4. The said agreement of sale to the said David Kulla was a bona fide transaction.

5. The consideration paid to the said Ralph Lauria by the said David Kulla was in the sum of $17,000.

6. The said Liquor Control Board examined into the bona fides of the said sale and the morals of the said David Kulla, the new applicant.

7. The said Liquor Control Board having found that the said sale was a bona fide one and that the said applicant, David Kulla, was of good moral character, upon his filing a bond on December 4, 1947, issued to him a restaurant liquor license No. T.R. 2324 for premises situate 1738 Market Street, Philadelphia.

8. Up to the time of the purchase of the said premises and the securing of the said liquor license, David Kulla had no prior experience in the selling of liquor or beer.

9. The said David Kulla on December 4, 1947, employed the said Ralph Lauria, the former owner, as his bartender on the said premises at a salary of $50 a week.

10. The said David Kulla thereafter permitted the said Ralph Lauria generally to operate the business.

11. During the month of January 1948, to wit, on January 6th, January 10th, January 17th and January 21st, officers of the vice squad of the police force of the City of Philadelphia visited said premises.

12. On January 6, 1948, while the said Ralph Lauria was acting as bartender of the said premises and Richard Kulla, son of David Kulla, was on the premises, beer was sold to three visibly intoxicated persons.

13. On January 10, 1948, while Ralph Lauria was serving as bartender, four visibly intoxicated persons were served with either beer or whiskey on the premises.

14. On January 17, 1948, while Ralph Lauria was serving as bartender and David Kulla was on the premises, three men visibly intoxicated were served with beer. On the same date, seven intoxicated men entered said premises and got into an altercation and were ordered out by Ralph Lauria after having served them each with one beer. On this same evening, Ralph Lauria served two intoxicated men, one with a beer and the other with a whiskey.

15. On January 21, 1948, while Ralph Lauria was serving as bartender, three visibly intoxicated persons were served with beer.

16. On January 21, 1948, the said premises was raided by the officers of the vice squad of the Department of Police of the City of Philadelphia, and five

United States sailors were arrested, together with 14 civilians, all charged with intoxication. All were discharged by a magistrate, who held one woman for the morals court.

## Discussion

There seems to be ample evidence to show that when the premises situate 1738 Market Street, Philadelphia, was presided over by Ralph Lauria as bartender, beer and liquor on several occasions was sold to visibly intoxicated persons, and that the bad reputation of this saloon and taproom continued after its purchase by David Kulla. This is due to a great degree to the inexperience in the operation of a saloon and taproom by David Kulla, who seems to have been on the premises only occasionally in the evening hours when larger groups of patrons were there. His sons, Jack and Richard Kulla, were there on some occasions at night, but almost nightly there were Ralph Lauria, Frank Lauria and Salvatore Lauria in charge with the former owner, Ralph Lauria actually in command of this saloon. The inexperience of David Kulla is no excuse for his negligent operation of this place. Since there is some evidence that he was to some degree aware of the prior bad reputation of the place as conducted by Ralph Lauria, it became his duty if he took the chances of being an absentee owner and operator, to secure a responsible, respectable bartender to be in charge of his place and in this responsibility he failed. He appeared to the court to be a man of more than average intelligence and a man of substance which makes it difficult to understand why a man who had invested $17,000 in this property would be so derelict in his assumption of responsibility. We believe that if Ralph Lauria and his relatives were removed from any and all association with this premises and the operation of the restaurant and saloon, and their selling of intoxicating drinks to intoxicated people and to minors

were discontinued, that it might be possible for David Kulla to employ a law-abiding manager or bartender and to conduct these premises in accordance with the law, the regulations of the Liquor Control Board, and good morals.

Defendant produced two neighbors, three people who testified that they knew defendant, David Kulla, to be of good character, and several other witnesses who testified that they were patrons of the place and never had seen any intoxicated people served with beer or liquor. We do not believe that we are bound by the reputation of this place prior to the sale to David Kulla. There seems no doubt that there were several violations of the act of assembly after Kulla became the owner, but we are of the opinion that most, if not all, of these violations are due to the carelessness of the present owner in retaining the services of the prior licensee, Lauria. We believe that if David Kulla sees the wisdom of following the suggestions of the court, that he should not at this time be enjoined from operating this place and forced to lose his restaurant liquor license. We are taking into consideration his prior good reputation and that he had possession of these premises only about one month before the place was raided by the police.

### Conclusions of law

1. The petition for the preliminary injunction is refused.

### Order

And now, to wit, March 23, 1948, the preliminary injunction is refused but it is further ordered and decreed that David Kulla shall enter a good and satisfactory bond in the sum of $500, to ensure the proper and legal operation of this restaurant and saloon situate 1738 Market Street, Philadelphia, and to ensure the good conduct of himself, his employes and his patrons while on the premises.